IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.: 7:24-CV-00258 |
| | § | |
| **34.38 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND FLORENTINO LUERA,** | § § § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT FLORENTINO LUERA'S ORIGINAL ANSWER AND DEFENSES AND OBJECTIONS TO COMPLAINT IN CONDEMNATION AND DECLARATION OF TAKING**

Pursuant to Rule 71.1(e)(2), Defendant Florentino Luera ("Mr. Luera") files this Original Answer and Defenses and Objections to the United States of America's Complaint in Condemnation, ECF Dkt. 1, and Declaration of Taking. ECF Dkt. 2. In support Mr. Luera shows the following:

**I.    RESPONSE TO COMPLAINT IN CONDEMNATION**

1. In response to paragraph 1 of Plaintiff's Complaint in Condemnation, Mr. Luera does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

2. In response to paragraph 2 of Plaintiff's Complaint in Condemnation, Mr. Luera denies the allegations in this paragraph.

3. In response to paragraph 3 of Plaintiff's Complaint in Condemnation, Mr. Luera denies the allegations in this paragraph.

4. In response to paragraph 4 of Plaintiff's Complaint in Condemnation, Mr. Luera denies the allegations in this paragraph.

1

5. In response to paragraph 5 of Plaintiff's Complaint in Condemnation, Mr. Luera denies, in part, the allegations in this paragraph. The map or plat of land attached to Plaintiff's Complaint in Condemnation as "Schedule D" includes property that is not owned by Mr. Luera and does not include property immediately adjacent to Plaintiff's taking that is owned by Mr. Luera. Defendant does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

6. In response to paragraph 6 of Plaintiff's Complaint in Condemnation, Mr. Luera does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

7. In response to paragraph 7 of Plaintiff's Complaint in Condemnation, Mr. Luera denies, in part, the allegations in this paragraph. Plaintiff's estimate of just compensation is arbitrary and insufficient insofar as it fails to account for the true date of taking, the amount of Mr. Luera's property that Plaintiff has taken, the value of the property taken, damage to Mr. Luera's property, and Mr. Luera's diminished ability to use the property to generate income and for other purposes. Defendant does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

8. In response to paragraph 8 of Plaintiff's Complaint in Condemnation, Mr. Luera denies the allegations in this paragraph.

9. In response to paragraph 9 of Plaintiff's Complaint in Condemnation, Mr. Luera does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

II.     **RESPONSE TO DECLARATION OF TAKING**

10. In response to paragraph 1 of Plaintiff's Declaration of Taking, Mr. Luera denies the statements in this paragraph.

11. In response to paragraph 2 of Plaintiff's Declaration of Taking, Mr. Luera denies the statements in this paragraph.

12. In response to paragraph 3 of Plaintiff's Declaration of Taking, Mr. Luera does not have sufficient knowledge to form a belief as to the truth of the statements in this paragraph.

13. In response to paragraph 4 of Plaintiff's Declaration of Taking, Mr. Luera denies the statements in this paragraph.

14. In response to paragraph 5 of Plaintiff's Declaration of Taking, Mr. Luera does not have sufficient knowledge to form a belief as to the truth of the statements in this paragraph.

15. In response to paragraph 6 of Plaintiff's Declaration of Taking, Mr. Luera denies, in part, the statements in this paragraph. Plaintiff's estimate of just compensation is arbitrary and insufficient insofar as it fails to account for the true date of taking, the amount of Mr. Luera's property that Plaintiff has taken, the value of the property taken, damage to Mr. Luera's property, and Mr. Luera's diminished ability to use the property to generate income and for other purposes. Defendant does not have sufficient knowledge to form a belief as to the truth of the remaining statements in this paragraph.

16. In response to paragraph 7 of Plaintiff's Declaration of Taking, Mr. Luera denies the statements in this paragraph.

17. In response to paragraph 8 of Plaintiff's Declaration of Taking, Mr. Luera denies the statements in this paragraph.

### III.   DEFENSES AND OBJECTIONS

#### a. Background

18. Mr. Luera owns a fee simple interest in property located in the census-designated place of Chapeño, Starr County, Texas. Mr. Luera's property comprises a portion of the property taken by

the United States in this action and is described in part in a series of deeds filed in the Starr County deed records as well as in materials filed by the United States in prior litigation concerning this property. *See* Exhs. 1-3; Exh. 4 at 008-014.

19. Mr. Luera visits his property in Chapeño approximately every other day. For decades Mr. Luera has raised cattle, goats, chickens, and other animals on the property. Mr. Luera has sold cattle raised on the property for additional income. Mr. Luera constructed a gazebo on the property near the river where he, his children, and grandchildren often celebrate holidays and birthdays. The property is a source of income and pride for Mr. Luera and his family. The property is also an asset Mr. Luera hopes to pass on to his children.

20. In December of 2020 the United States filed a Complaint in Condemnation and Declaration of Taking in civil action number 7:20-cv-00425, *United States of America v. 4.587 Acres of Land, More or Less, et al.* ("Condemnation I") to take a portion of Mr. Luera's property. After negotiations with Mr. Luera to purchase the property failed, the United States sued Mr. Luera, at least 86 known co-defendants, and numerous unknown co-defendants to take an approximately 4.5-acre strip of land which the United States designated as RGV-RGC-1007. Exh. 4. The United States claimed it had to sue so many people because Starr County's older property records were unreliable, containing "multiple title issues, title gaps, and wild deeds."

21. Before filing Condemnation I, in approximately October of 2019, the United States obtained a survey of the metes and bounds of the property designated RGV-RGC-1007. Exh. 4, at 012-014. The United States filed this survey in Condemnation I to help identify both the property taken and its parent tract. *Id*. The survey indicates that all of RGV-RGC-1007 falls inside of a parent tract labeled in the United States's survey as S-14-Q. The property line of the parent tract coincides with a wire fence that Mr. Luera built around his property. *Id*.

22. Mr. Luera objected to the United States's taking in Condemnation I and filed crossclaims against all known and unknown co-defendants for adverse possession of RGV-RGC-1007.

23. To prove his sole ownership of RGV-RGC-1007, Mr. Luera demonstrated that the survey markers that the United States drove into the ground marking the boundaries of RGV-RGC-1007 were located inside of the wire fence Mr. Luera erected around his property.

24. On September 8, 2021, the United States filed an *amicus* brief in Condemnation I in which it agreed Mr. Luera "is the sole title owner of [RGV-RGC-1007] under color of title."

25. On September 13, 2021, United States District Judge Micaela Alvarez granted Mr. Luera's motion for partial summary judgment on his adverse possession crossclaim and found him to be the sole owner of RGV-RGC-1007. *See United States v. 4.587 Acres of Land, more or less, in Starr County, Texas*, CIVIL ACTION NO. 7:20-cv-00425, 2021 WL 4155806 (S.D. Tex. Sept. 13, 2021). Judge Alvarez's order states that Mr. Luera is the "sole owner of Parcel S-14-Q," referring to the parent tract that the United States identified in its 2019 metes and bounds survey filed with its condemnation action. *Id*., at *4.

26. On or about October 12, 2021, the United States revested RGV-RGC-1007 to Mr. Luera and Condemnation I was terminated. Exh. 5. Mr. Luera agreed to accept revestment and, as consideration, agreed to forego payment of just compensation and to waive compensation of any nature arising from the United States's taking in Condemnation I. *Id*., at 003.

27. Following Condemnation I, Mr. Luera continued to regularly use and visit his property in Chapeño, Texas.

28. On October 5, 2023, U.S. Department of Homeland Security ("DHS") Secretary Alejandro Mayorkas invoked section 102 of the Illegal Immigration Reform and Immigrant Responsibility

Act of 1996 ("IIRIRA") to waive certain laws in order to ensure expeditious construction of barriers and roads in Starr County using "a fiscal year 2019 appropriation."[1]

29. On July 1, 2024, the United States filed its current Complaint in Condemnation, ECF Dkt. 1, and Declaration of Taking. ECF Dkt. 2. The United States identifies the public purpose for the taking as "surveying, testing, and other investigatory work" for the proposed construction of border barrier, including "roads that will be required to construct, operate, and maintain the border barrier." ECF Dkt. 1-1, at 4. The United States claims it is using funds from the Consolidated Appropriations Act, 2021 for this taking, not the more limited 2019 appropriations. ECF Dkt. 1-1, at 2.

30. The United States is no longer relying on recent deed records, its 2019 metes and bounds survey, the Court's order determining sole possession of RGV-RGC-1007, or its own revestment of RGV-RGC-1007 to Mr. Luera when taking Mr. Luera's property in Chapeño, Texas. Instead, the United States relies on inaccurate map records of Starr County so that it can claim ownership of property that the United States previously revested to Mr. Luera. ECF Dkt. 1-1, at 6.

31. Attached to the United States's complaint as "Schedule D" is a map or plat of the property on which the United States seeks a temporary easement. ECF Dkt. 1-1, at 8. The United States seeks to condemn all the property outlined in blue on this map.

32. Mr. Luera does not own all the property outlined in blue on this map. The parcel the United States seeks to condemn in this case does not coincide with Mr. Luera's property. *Compare* ECF

---

[1] Department of Homeland Security, Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 88 Fed. Reg. 69214-5, Oct. 5, 2023, *available at*: https://www.federalregister.gov/documents/2023/10/05/2023-22176/determination-pursuant-to-section-102-of-the-illegal-immigration-reform-and-immigrant-responsibility (accessed July 19, 2024).

6

Dkt. 1-1, at 8, *with* Exh. 1 (describing land "lying in and forming party and portion of Parcel S-14-Q"); Exh. 2 (describing land "forming a part or portion of Porcion No. 58 Ancient Jurisdiction of Mier, Mexico now Starr County, Texas"); Exh. 3 (same); Exh. 4, at 012-014.

33. Mr. Luera informed the United States, through its counsel, of this discrepancy prior to the initiation of this action. On October 24, 2023, U.S. Customs and Border Protection ("CBP") and the Department of Justice ("DOJ") sent Mr. Luera letters informing him of the United States's intent to file condemnation proceedings and seeking access to property described in the map or plat filed by the United States in this case. Exh. 6; Exh. 7. During the week of October 30, 2023, the undersigned counsel spoke by phone with counsel for the United States informing him that the property outlined in blue in the map included with DOJ's October 24th letter is not coextensive with the property that Mr. Luera proved sole ownership of in Condemnation I.

34. On or about November 2, 2023, Mr. Luera discovered that the United States began conducting a survey or assessment of his property in Chapeño and had entered portions of his property near where the United States had previously driven survey markers into the ground to designated the boundaries of the land it previously described as RGV-RGC-1007.

35. On November 3, 2023, Mr. Luera, through undersigned counsel, emailed documents to counsel for Plaintiff demonstrating the discrepancy between the property taken in this action and the property taken in Condemnation I and proof of Plaintiff's or its agents' entry onto Mr. Luera's property. Exh. 8, at 003-004. Because Mr. Luera is not the sole owner of the property that the United States seeks to condemn, he is unable to consent to entry onto the property or to fix a price or agree upon a reasonable price for the easement sought by the United States in this case. *See* 8 U.S.C. § 1103(b)(2)-(3).

36. On November 14, 2023, counsel for Plaintiff emailed undersigned counsel claiming that the "Stake and Monument" in the photograph demonstrating Plaintiff's entry on to Mr. Luera's property "are not on Tract 1007. They are on Tract 1054 which is owned by the United States." Exh. 8, at 001. The United States now claims it owns property that it previously revested to Mr. Luera.

37. On or about February 7, 2024, Mr. Luera discovered that the United States again entered his property in Chapeño to conduct a survey or assessment. On February 16, 2024, undersigned counsel emailed evidence of this entry to counsel for the United States and requested that the United States cease entering Mr. Luera's property. The United States did not respond to this email.

38. Mr. Luera also attempted to obtain more information from the United States to try to resolve these issues without the need for litigation. For example, on August 9, 2023, CBP wrote to Mr. Luera informing him that they had "identified a portion of [his] property" that CBP wished to access to assess for possible acquisition to construct additional border wall. Exh. 9. Included with CBP's letter was the same map filed by the United States in this action. Exh. 9, at 007. Even though the property identified by CBP was not coextensive with Mr. Luera's property, Mr. Luera may have been able to agree to a modified right of entry with additional information about "where, how, and when" the United States or its agents would enter Mr. Luera's property. Exh. 10, at 001. As directed by CBP, Mr. Luera sought this information from Erin Corby, Realty Specialist with the U.S. Army Corps of Engineers, but she did not provide it. *Id.*

   b. **Mr. Luera's Defenses and Objections to the Current Condemnation and Taking**

39. In determining whether the proposed use of condemned property is authorized, the Court may consider whether officials acted "in bad faith or arbitrarily and capriciously by condemning given land." *U.S. v. 101.88 Acres of Land, More of Less, Situated in St. Mary Parish, State of La.*,

8

616 F.2d 762, 767 (5th Cir. 1980) (citing *United States v. Carmack*, 329 U.S. 230, 243-44 (1946)). Plaintiff actions in filing this condemnation action meet this standard. The United States knows that Mr. Luera is the sole owner of property described in its 2019 metes and bounds survey. The United States revested property within Mr. Luera's fence line previously designated as RGV-RGC-1007 to Mr. Luera in October 2021. Instead of relying on more recent and accurate deeds, *see* Exhs. 1-3, the 2019 metes and bounds survey, Exh. 4, at 008-014, Judge Alvarez's order establishing sole ownership of RGV-RGC-1007, or the United States's revestment of property to Mr. Luera, Exh. 5, Plaintiff filed this action relying on inaccurate map records of Starr County. *See* ECF Dkt. 1-1, at 6 ("…as shown on that certain Plat of Parcel No. 14, which is recorded in Volume 1, Page 112 of the Maps Records of Starr County, Texas."). Defendant challenges Plaintiff's purpose for taking this property. Months before this litigation was filed, Plaintiff entered onto property it revested to Mr. Luera in Condemnation I to perform work within the scope of the claimed public purpose for this taking. *See* Exh. 8, at 001. Despite its previous revestment, the United States now claims it owns that property. *Id*. Plaintiff's current take seeks to divest Mr. Luera of a portion of his property and avoid additional payment of just compensation.

40. Plaintiff has already entered part of Mr. Luera's property that is not the subject of this suit, and part of Mr. Luera's property that is the subject of this suit. The date of effective taking of Mr. Luera's property is on or about November 2, 2023, when Mr. Luera first discovered that officials entered his property to locate survey markers driven into his property in connection with Condemnation I. Just compensation for the Untied States's taking should be determined based on the United States's first entry onto Mr. Luera's property to perform work within the scope of the purpose for this taking. *United States v. 5.934 Acres of Land, More or Less*, 635 F.Supp.3d 553, 559-60 (S.D. Tex. 2022) ("When a taking occurs not through a formal condemnation action but by

9

'physical invasion,' 'the usual rule is that the time of the invasion constitutes the act of taking, and it is that event which gives rise to the claim for compensation and fixes the date as of which the taking is to be valued.") (citing *United States v. Clarke*, 445 U.S. 253, 257 (1980)). Mr. Luera objects to Plaintiff's estimation of just compensation as insufficient and arbitrary because it fails to account for the true date of taking, the amount of Mr. Luera's property that Plaintiff has taken, the value of the property taken, damage to Mr. Luera's property, and Mr. Luera's diminished ability to use the property for the purposes for which he currently uses it.

41. Plaintiff has failed to conduct *bona fide* negotiations in accordance with 8 U.S.C. § 1103(b) with Mr. Luera or any other owner of property on which the United States seeks an easement and therefore cannot obtain an order allowing it to take possession of the property. *Tamez v. Chertoff*, No. B-08-055, 2009 WL 10693618, at *5 (S.D. Tex. Jan. 27, 2009) ("[T]he Government may properly file a condemnation action before compliance with the negotiations provisions of 8 U.S.C. § 1103(b), but may not receive possession prior to compliance.").

42. Plaintiff has not identified all owners of the property that it seeks to condemn in this action. The United States should be required to identify, add, and provide notice to all necessary parties before being awarded possession of the subject property or a determination of just compensation.

### IV. REQUEST FOR JURY TRIAL

43. Pursuant to Fed. R. Civ. P. 71.1(h)(1)(B), Defendant Florentino Luera requests a trial by jury for all issues of just compensation.

### V. RELIEF REQUESTED

For the foregoing reasons, Defendant Florentino Luera respectfully requests that the Court:

A. Award Defendant Florentino Luera compensation for the title, lesser interest, or possession of the property taken by Plaintiff beginning on or about November 2, 2023, pursuant to

Fed. R. Civ. P. 71.1(i)(1)(C);

B. Enter an order denying the property interest sought by Plaintiff, and dismissing Plaintiff's Complaint in Condemnation and Declaration of Taking pursuant to Fed. R. Civ. P. 71.1(i)(1)(C);

C. Vest in Defendant Florentino Luera title to or other interest in the property that Plaintiff unlawfully divested by filing its Declaration of Taking under 40 U.S.C. §§ 3113 and 3114;

D. Allow Defendant Florentino Luera to recover his costs and reasonable attorney's fees;

E. Alternatively, if Plaintiff is permitted to proceed with its taking, prohibit Plaintiff from taking possession of the subject property until such time that it identifies additional property owners and negotiates with all parties consistent with 8 U.S.C. § 1103(b);

F. Grant Defendant's request for trial by jury under Rule 71.1(h)(1)(B) on the issue of just and adequate compensation;

G. Award Defendant his costs and reasonable attorney's fees consistent with 42 U.S.C. § 4654(a); and

H. Grant Defendant Florentino Luera any other relief the Court deems proper.

Dated: July 21, 2024                               Respectfully submitted,

                                                   TEXAS RIOGRANDE LEGAL AID

                                                   */s/ Peter McGraw*
                                                   Peter McGraw
                                                   Attorney in Charge
                                                   Texas Bar No. 24081036
                                                   S.D. Tex. No. 2148236
                                                   316 South Closner Blvd.
                                                   Edinburg. Texas 78539
                                                   Tel. (956) 982-5543
                                                   Fax (956) 591-8752
                                                   pmcgraw@trla.org

Hope Bettler
Texas Bar No. 24125120
S.D. Tex. No.
316 South Closner Blvd.
Edinburg. Texas 78539
Tel. (830) 774-8303
Fax (956) 591-8752
hbettler@trla.org

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all known parties to this litigation through their counsel of record by filing the same with the Court's electronic case filing system on July 21, 2024.

*/s/ Peter McGraw*
Peter McGraw